Yes, Your Honor. Good morning, Your Honors, and may it please the Court, I do plan to try to reserve five minutes of my time for rebuttal. As my colleague stated, my name is Caleb Acker, and I'm here today on behalf of Mr. Garcia in his appeal in this final case of the day. Both the State and Mr. Garcia agree, were this Court or the Supreme Court to reverse Sotomayor on liability and vacate the injunction against LD-15, Mr. Garcia's case should be remanded for continuation of proceedings below on the merits. Both parties agree there. Where the parties disagree is what that means for this case right now. The State's position, as we understand it, is that the reversal in Palmer potentially would unmoot this case. In other words, the case is dead now but would come back to life. Because then Legislative District 15 would be back on the table? Yes, that is their view, that it would be unmooted. Our view is that that means it's not moot at all. There's no such thing as unmootness. Under the Supreme Court's law, if it's possible that a court could grant relief, then a case is not moot. And under the Morvey-Harper principle that we have cited, the Supreme Court stated if they had reversed in that case, the map would have sprung back, as they phrased it, again take effect. And so we say similarly here, if the injunction were lifted, LD-15 and its harms alleged by Mr. Garcia would spring back into effect. So if that's the case, and I understand you can't unmoot a case argument, is there any reason why this case, that is Garcia, shouldn't be withdrawn from submission pending the outcome of the Palmer case? Your Honor, thank you for that question, and I did intend to spend the majority of my argument on that exact question today. So we have about six or seven arguments on that exact point. And we think, and to be clear, the state has asked in the past for Garcia to be put in abeyance pending the result in Soto Palmer. They raised it in some motions practice. This court did not rule on that, and our position is that abeyance is, or withholding it for submission, however you want to phrase it, is not the correct way to go here for the following reasons. First of all, it is, if the case is not moot, this court, or depending on the procedure, the court below do have jurisdiction, as the Supreme Court has noted. The federal courts do have a virtually unflagging responsibility to hear cases within their jurisdiction. So not hearing Mr. Garcia's case would be the exceptional case. And we don't... Well, that doesn't mean that his case wouldn't be heard. We do this all the time, where there's leapfrogging of cases based on issues. So it's not that his case wouldn't be heard, but the shape of his case is going to change or not change, right? I agree with that, Your Honor, but there are problems to delaying it. Right. What would the problems be? Sure. So as I mentioned, if LD-15 snaps back, then the harm to Mr. Garcia snaps back that he's alleged he lives in a racially gerrymandered district, and he would be voting in a racially gerrymandered district. And if this court were to delay his case in that way, those harms could snap back at an unspecified time in the future that could leave Mr. Garcia flat-footed for, say, the election in 2026 or 2028. And to the point that we're talking about potential... Maybe I'm not understanding why that would be the case. Well, for a potential reversal in Soto Palmer, that would bring LD-15 back. Right. The fact remains is that could be a long ways out, Your Honor. I don't know. What if we did it tomorrow? Your Honor, if we did Soto Palmer tomorrow on liability, then Mr. Garcia's case absolutely should continue below. That is a reversal in Soto Palmer such that... What if we affirmed tomorrow? We affirmed tomorrow the intervenors in Soto Palmer would have the choice to take that to the Supreme Court. And if I could spin out a hypothetical, let's say that this court dismissed on standing in Soto Palmer, and the intervenors took that to the Supreme Court. The Supreme Court granted cert on standing, and then remanded back to this court, and this court then affirmed on merits or remedy, and that went to the Supreme Court. I'm spinning out the hypothetical to see that this could be a long time in the future that Mr. Garcia's case would just be sitting there. And the Secretary did file a brief in this case to point out we're talking about future elections, and they are a But what happens as a practical matter to LD-15 during all this time? Let's take your second scenario where there's a standing issue, Supreme Court comes back, then there's a liability issue, goes to Supreme Court and comes back. LD-15 is still gone, right? It is enjoined, Your Honor. Yes, it's enjoined. So then what happens to your case? If it's an enjoined law, what are you going to go to trial? What are you going to go to court on against a district that's enjoined? Well, Your Honor, on remand, if it remained enjoined on remand, Mr. Garcia could press his I do think that a... And just let me understand, what are those claims, just so I can understand? Well, Your Honor, it would still be against LD-15, and there's two reasons that I think what you brought up would not be a problem to address your question exactly. Number one is the specific facts of this case procedurally, which is if you did remand, it is quite clear what would happen, which is that the district court, a majority of the panel, would enter an order finding that race did not predominate. They made very clear they would do so, and Judge Van Dyke would likely resubmit his dissent in full. For that reason, since we already had a joint trial, there would be no fact-finding, and it would be purely legal. And so the question of the fact that LD-15 remains enjoined would not be a particular issue in the case on remand for that reason. Would there be anything that would prevent you... Let's say that this court said, you know what, LD-15 is enjoined. This case is moot. Is there anything that would prevent your client from filing a new lawsuit? Let's say 15 snaps back. Is there anything that would prevent your client from filing a new lawsuit at that time? So you're saying dismisses moot and then LD-15 does snap back? Right. Couldn't they just file a new lawsuit then? The harms are the same harms now. You may even have more information to put into your complaint. Your Honor, I agree that is a possibility that my client absolutely could do. I would have to move to amend or file a whole new lawsuit, but we think that it can go now simultaneously, and for the reasons that I said, pushing it off into the future makes it uncertain of whether or not my client would be forced to, say, vote in a racially gerrymandered district. But during the whole time that the process plays out, your client is going to vote or not vote in the district in which he is, right? Yes, Your Honor. So I'm still having trouble understanding, you know, you say, well, one possibility is you could say, well, it's not moot, therefore we remand. And then the two judges who've stated their view, you think, would probably reiterate their view as well as the dissenting judge, and they would say race didn't predominate, right? And you wouldn't have a new trial, right? There wouldn't be a trial on that. You're saying that's purely a legal issue? Right. The trial that we held covered both predominance and district, correct? Yes. Covered it. So you don't need a new trial. You just need a determination not based on mootness. Yes, Your Honor. And the reason I asked the question was there's nothing procedurally, like some law of the case doctrine or something like that, that would prevent your client from pursuing this case if 15 comes back, that you're aware of. I'm asking the same, I'm asked to state the same question, that there's no procedural bars that would prevent your client from refiling, if that were a scenario. Your Honor, not at this time that we know of. Okay. But as I stated, our desire is to go now. No, no, I understood. I just wanted to make sure that that there were no other roadblocks for your client to pursue this claim against 15. If 15 snaps back, to use your language, I think is a good way to put it, that there's nothing, no simple procedure trick that I haven't thought of that would prevent you from litigating if it snaps back. Well, Your Honor, if there is, I haven't thought of it. Okay, good. I just want to make sure I understood. Let me ask this. If you file a new lawsuit, does it go back to the three judge panel? Your Honor, I don't know. If we move to amend the complaint. That's easy. Yeah, yeah. Then it would. Correct. But I'm asking if you filed a new lawsuit. I think that would be up to the Ninth Circuit in setting the three judge panel. I think they would be able to set a new panel if desired. That's to my understanding. Your Honors, I see that I'm into my rebuttal time. I'd like to reserve the rest. If there are no more questions and turn it over to the state. Thank you, counsel.  May it please the court, Christina Sepe on behalf of the state of Washington. The three judge district court correctly dismissed Mr. Garcia's equal protection challenge to LD-15 as moot. That's because Mr. Garcia asked that LD-15 be enjoined and redrawn. But because of the Soto Palmer decision invalidating LD-15, that district no longer existed and there was no remaining relief that the Garcia district court could give. This court should affirm the dismissal. But Judge McKeon, I'd like to go to your question about whether or not this court could just hold this case while it decides Soto Palmer and the state agrees that the court can do that. And if it affirms in Soto Palmer, it just doubly makes clear that this case is moot. There's no relief that could be given, but agree that if the court does reverse in Soto Palmer, that it should reverse in this case to litigate LD-15 and the equal protection challenge that Mr. Garcia has brought. One of the things that they asked in their complaint is they wanted a new valid plan that doesn't violate the equal protection clause. Seems to me you could argue that a claim for a new valid plan is different from an invalidated 15, and that could be a claim they would pursue. Why not? That's true, Your Honor. They did ask that the plan did not violate the equal protection clause, and that's precisely what happened here with a district court who found a Section 2 violation and remedied that Section 2 violation. We know from the Supreme Court's precedents, like in Allen versus Milligan, that that kind of race consciousness is permissible because the VRA itself requires the consideration of race. And so it follows that a remedy to a Section 2 violation would also consider race in such a way that would not violate the equal protection clause. But I'd like to also focus on the other request for relief that Mr. Garcia had made in his complaint at ER-124, and that's that he wanted an injunction that permanently enjoined the state from enforcing or giving effect to the boundaries of LD-15. And following the Soto Palmer liability order, there's no longer that LD-15 to enjoin. He also wanted declaratory relief that LD-15 is an illegal racial gerrymander, but because LD-15 had been invalidated, all that would be left for the three judge district court below would be to give an advisory opinion on that. And so for those reasons, you would say, well, yeah, they might have, because Lasnik may have invalidated LD-15, but nothing is final yet. So why should he be saddled with that determination when he can go forward in a separate lawsuit? So we're looking at whether or not there's jurisdiction through the pendency of the case. And at the time that the district court rendered its decision in Garcia, there was no longer an LD-15 for it to make decisions over. So I agree with Judge Owens that there are other opportunities for Mr. Garcia should LD-15 snap back or spring back. That might be through filing a new complaint against the district. It may be moving to reopen the judgment in a Rule 60B motion to amend the complaint, but none of that has happened. At this point, you don't see any procedural bars to that? No, Your Honor. Okay. Just so, okay. These are videoed. I just want to make sure we're clear about that. Okay. What about if we were determined that it's moot at this stage, what about remanding for possible amendment of the pleadings? Because I don't know what might else be in their head about possible claims. I think one obvious one that they insist maintains Mr. Garcia's injury is his disagreement with the remedial map that the district court had entered. And that makes his injury persist through the pendency of this case. But very clearly, he has made no allegations to that remedial map. But what if we remanded with the opportunity to amend? I think that's a possibility, Your Honor. But again, we're looking at whether or not the district court was correct and whether or not the case was live. And clearly at the time that it had rendered its decision, the case was not live based off of the relief that Mr. Garcia had specifically requested in his complaint, again, at ER 124. So Mr. Garcia likens this case to Moore versus Harper, which the Supreme Court decided a few years ago. But that case is different from this one. They're the only way that the petitioners could obtain the relief that they requested. That is reinstatement of the 2021 redistricting map was if the Supreme Court came to a decision regarding their elections clause claim. But here, Mr. Garcia has already obtained the relief that he wanted. That is that the district he challenged would not be used in future elections. And that's what makes this case different. He also says that, in effect, he's still segregated on the basis of race. So if you looked at the North Carolina v. Covington case, that could be a live claim. Why wouldn't that remain a non-moot claim for him individually? We disagree based off of how this remedial map process played out. We're looking at a decision, a different decision maker. That is the Soto Palmer District Court creating a remedial map with different motivations and different purposes. Those are highly fact-intensive, sensitive inquiries that a district court undertakes in looking at whether or not race predominated. Mr. Garcia's allegations were to the redistricting commission, to the legislature, in how LD15 was formulated. There are no allegations as to LD14 and the district court undertook in entering a remedy to solve the Section 2 violation. Those are very two different decision makers, two different motivations and reasons. And that's what makes this case not live because none of those allegations had been made to the remedial district. If the court has no further questions, we ask that the court affirm the the state would not object to this court holding this case in advance while it first decides Soto Palmer. Thank you. Thank you. I appreciate the state not taking all of its time. I cannot make the same promise, Your Honor. A few points in rebuttal. The state once again said the sentence LD15 no longer exists. They said that in their brief. And I just want to make the point that an enjoined law still exists in enjoined form. It's not like it's void under the Constitution such that it's gone from the books. It's enjoined and can snap back if the injunction is lifted. So I want to make that clear. That is the nature of an injunction against a law as in this place. Secondly, going on to the question of holding abeyance or refiling at a later time, my client does have a concern about the timing of that in terms of the time from when the refiling would happen or the abeyance would stop and then relief there. Whereas if it continued right now, our view is the time could be quicker for relief. And so that is one reason that we would prefer to keep going on the route that we are going down. Beyond that, the state doubled down on this idea of unmootness. We just don't think that that's a concept that a case can be not alive and then alive. And and the state also missed the point of Moore v. Harper. The point that we are making, as the Supreme Court said in Moore v. Harper, is that a decision of the court could snap a map back into effect such that the harms are also there so that the case is not moot. And the court said in Moore v. Harper, were we to reverse, they ended up affirming, but were we to reverse, then the map would again take effect. And that's the situation here that we are arguing is why. What do you think is the best case for this proposition? Well, they're saying that there's a judgment of the district court. You're saying, well, it's not a final, final judgment because we haven't gone to the Supreme Court or even to the Ninth Circuit and back at this point. So what's your best case for the proposition that only a final, final judgment could moot other proceedings? Your Honor, we pointed in our papers to a couple of lower court cases that talk about final or ultimate and a secondary source that talks about the ultimate judgment. But we think the language in Moore v. Harper itself, where they say through the federal, the appellate process. And the idea we take that to mean is the appellate processes in the federal courts is district court, Ninth Circuit, Supreme Court. And once the Supreme Court fully speaks on the fate of LD-15, that's it. That's the way our constitutional system works. So we're, we're using Moore v. Harper to defend what we think to be a pretty baseline logical proposition that when the Supreme Court would just speak on the injunction against LD-15, that is the final word on the question. What, if we were to determine the case is moot, but remand it in case there were supplemental or amended pleadings, are there claims or supplemental claims that would be brought in an amended pleading if we were determined this is moot now? By my client? Yes. Your Honor, I can't speak exactly as to what my client would choose to do if it were remanded in that. But let's just imagine your hypothetical client or the, you're the lawyer. Sure. Are there claims? Are there potential claims for amendment? Or would that also have already been encompassed in the lawsuit? Your Honor, it depends if you're referring to the claim against LD-15 or if it would be remanded for a claim against, say, the remedial district. It's just, if we were to say at this stage it's moot, but it's remanded a la New York Rifle to see if there's any amendments. Your Honor, I do not think there would be any amendments in the claim against LD-15 in the sense that Mr. Garcia asked for the declaratory judgment and the relief of the Equal Protection Clause and an injunction against LD-15, and then we had a full trial on those issues. Right. But as to the remedial map, he's never had that chance to argue that point. Correct, Your Honor. I see my time is coming to an end. If there are any other questions? No questions. Thank you very much, Your Honors.
judges: McKEOWN, GOULD, OWENS